IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ANTHONY TARASI, a/k/a CHRISTOPHER ANTHONY TARRASI, <br><br> Petitioner, <br><br> v. <br><br> RANDALL E. BRITTON, Superintendent of the State Correctional Institute of Houtzdale, and STEPHEN A. ZAPPALA, District Attorney of Allegheny County, Pennsylvania, <br><br> Respondents. | Civil Action No. 13-cv-00163 <br><br> United States Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM OPINION AND ORDER**[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Christopher Anthony Tarasi, a/k/a Christopher Anthony Tarrasi. He is challenging the judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County on May 11, 2004.

For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

**A.    Relevant Background**

On January 31, 2013, Petitioner, Christopher Anthony Tarasi, a/k/a Christopher Anthony Tarrasi, filed a petition for a writ of habeas corpus, through counsel,[2] pursuant to 28 U.S.C. §

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment. jurisdiction by a United States Magistrate Judge. *See* ECF Nos. and 6.

[2] The Court notes that the prisoner mailbox rule does not apply in this case as Petitioner is represented by counsel. In *Burns v. Morton*, 134 F.3d 109, 113 (3d Cir.1998), the United States Court of Appeals for the Third Circuit held that "a pro se prisoner's habeas petition is deemed

2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (ECF No. 1). In their Answer, Respondents contend that the petition must be dismissed because it is untimely under the statute of limitations set forth in AEDPA, which is codified in relevant part at 28 U.S.C. § 2244(d) (ECF No. 4). Petitioner filed a Traverse, also known as a "Reply," in which he contends that he is entitled to equitable tolling (ECF No. 7). *See* Local Rule 2254(E)(2) (a petitioner "may file a Reply . . . within 30 days of the date the respondent files its Answer.").

**B.     Discussion**

   *1.     Timeliness*

AEDPA requires, with a few exceptions that are not applicable here, that habeas corpus petitions under 28 U.S.C. § 2254 be filed within one year of the date the petitioner's judgment of sentence became final. 28 U.S.C. § 2244(d)(1)(A).[3]

Petitioner is challenging the May 11, 2004, judgment of sentence imposed upon him by the Court of Common Pleas of Allegheny County, to a term of imprisonment of not less than 78 months nor more than 156 months and a consecutive period of incarceration of not less than 13 months nor more than 26 months, for a total period of incarceration of not less than 91 months

---

filed at the moment he delivers it to prison officials for mailing to the district court." This mailbox rule applies to all petitions filed by pro se inmates in federal court. *See Brewington v. Klopotoski*, 2010 WL 2710526, *3, n. 3 (E.D.Pa. Feb. 23, 2010).

[3]     Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. He did not suffer any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). His claims are not based on a new constitutional right recognized by the U.S. Supreme Court and made retroactive to cases on collateral review. *Id*. at § 2244(d)(1)(C). He has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(D).

and not more than 182 months.[4] Petitioner timely filed a direct appeal of his judgment of conviction to the Superior Court of Pennsylvania. On June 15, 2005, the Superior Court affirmed the judgment of conviction. On July 16, 2005, Petitioner filed a Petition for Allowance of Appeal ("PAA") with the Pennsylvania Supreme Court, which was denied on December 27, 2005. Petitioner did not file a Petition for writ of certiorari to the United States Supreme Court. Accordingly, his judgment of sentence became final on March 27, 2006. *See Gonzales v. Thaler*, -- U.S. ----, 132 S.Ct. 641, 653-56 (2012) (a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review); *see also Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000).

On April 4, 2006, Petitioner timely filed a pro se Motion for Post Conviction Collateral Relief, which was filed eight (8) days after his judgment of sentence became final. On May 14, 2007, Petitioner, through counsel, filed an Amended Post Conviction Relief Act Petition ("PCRA"). On August 15, 2007, the PCRA court dismissed the petition. Petitioner appealed the dismissal to the Superior Court, which affirmed the dismissal on July 16, 2008. Petitioner filed a PAA with the Supreme Court of Pennsylvania, which was denied on December 9, 2008. AEDPA's limitations period began to run again the next day, on December 10, 2008. Because eight (8) days had already expired from the limitations period (March 27, 2006 - April 4, 2006), Petitioner had 357 more days - until on or about December 2, 2009 - to file a timely federal habeas petition in compliance with the AEDPA. He did not file the instant habeas petition until January 31, 2013, making it untimely by 793 days.

---

[4]  The Department of Corrections Inmate Locator reflects that "Chris Anthony Tarasi a/k/a Chris Anthony Tarrasi, Offender ID FW1501" is currently incarcerated at SCI-Houtzdale.

3

*2. Equitable Tolling*

Petitioner acknowledges that the instant habeas petition was filed more than one year after his judgment became final, but argues that he is entitled to equitable tolling. The Supreme Court of the United States has held that AEDPA's statute-of-limitation period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631 (2010). A petitioner is entitled to equitable tolling only if he shows both that (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 2562. *See also Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). "This conjunctive standard requires showing both elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original).

On November 19, 2009, Petitioner, through counsel, attempted to file a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Pennsylvania, Erie Division. Petitioner provides the following explanation in his petition:

> Instant counsel filed a timely petition pursuant to 28 U.S.C. § 2244(d)(1) on November 12, 2009 in the United States District Court for the Western District of Pennsylvania.
>
> Unfortunately, counsel filed this pleading in the Erie Office. Counsel immediately contacted the clerk in the Pittsburgh Office and was told that Erie would transfer the case to Pittsburgh. This never occurred. . . . Counsel within the past few days contacted the Erie Office and was told that the petition was filed but not opened and not transferred to the Pittsburgh Office. The Erie Office directed counsel to contact the Pittsburgh Office. The Pittsburgh Office told instant counsel to re-file the petition. Thus, this Honorable Court should accept this petition as timely filed based upon the equitable tolling principles of 28 U.S.C. § 2244.

Petition at 6 (ECF No. 1); *see also* Traverse at 1-2 (ECF No. 7). Respondents, counter that Petitioner cannot show both diligence and extraordinary circumstances to be eligible for

equitable tolling as "Petitioner failed to do anything for over three (3) years to rectify the filing situation." The Court agrees with Respondents.

The Court of Appeals for the Third Circuit has held that while AEDPA's statute of limitations is subject to equitable tolling, "courts should be sparing in their use of the doctrine" and limit its application only to the "rare situation where [it] is demanded by sound legal principles as well as the interests of justice." *LaCava v. Kyler*, 398 F.3d 271, 275 (3d Cir. 2005) (internal citations omitted). Consequently, a court should employ equitable tolling only when "the principles of equity would make the rigid application of a limitation period unfair." *Id.*

The Supreme Court of the United States has "made clear that a petitioner is entitled to equitable tolling only if he shows (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649 (2010) (internal quotations omitted) (quoting *Pace v. DeGuglielmo*, 544 U.S. 408, 418 (2005)); *see also United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013); *Ross v. Varano,* 712 F.3d 784, 798–804 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329–32 (3d Cir. 2012). While "at least sometimes, an attorney's unprofessional conduct can be so egregious as to create an extraordinary circumstance," "equitable tolling is not warranted for a 'garden variety claim of excusable neglect.'" *Holland*, 560 U.S. at 633; *see also Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2002) (attorney negligence in failing to properly advise a client is generally "an insufficient basis for equitable tolling"); *LaCava,* 398 F.3d at 274 ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

Here, Petitioner contends that he is entitled to equitable tolling because the petition was "filed but not opened and not transferred to the Pittsburgh Office." Pet. at 6. The Court finds

5

Petitioner's contention to be without merit. As the Court's ECF User Manual (July 1, 2005) clearly explains, the fictitious numbers 1:05mc2025 (Erie); 2:05mc2025 (Pittsburgh), and 3:05mc2025 are used for the filing of all initiating case documents. "The fictitious case number is used solely for 'filing' initiating documents." ECF User Manual at 25. "Electronic transmission of a document to the Electronic Filing System, . . ., <u>together with the transmission of a Notice of Electronic Filing from the court, constitutes filing of the document for all purposes of the Federal Rules of Civil Procedure</u>, . . . <u>A document filed electronically is deemed filed on the date and time stated on the Notice of Electronic Filing from the court</u>." *Id.* at 10 (emphasis added).

The Court's records reflect that the November 19, 2009 submission was incomplete as the Petition was not signed and was not accompanied by the required Civil Cover Sheet Form JS 44.[5] *See* Exhibit A. Therefore, the Petition submitted by counsel to the Court's Electronic Filing System on November 19, 2009, was never filed, a civil docket sheet was not generated, and a habeas corpus case was not opened. Because the Petition had not been filed, the Court never sent to counsel a Notice of Electronic Filing, which would have confirmed that the Petition had been filed and a case opened. Counsel for Petitioner offers no explanation as to why he waited over three (3) years before contacting the Clerk's office.

Unfortunately for Petitioner, the assertions in the petition amount to nothing more than "mere excusable neglect." The record is completely void of any evidence that Petitioner or his counsel (i) pursued his rights diligently and/or (ii) that some extraordinary circumstance stood in their way and prevented timely filing. *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)

---

[5] The instructions for attorneys completing civil cover sheet Form JS 44 specifically state: "This form, approved by the Judicial Conference of the United States in September 1974, <u>is required</u> for the use of the Clerk of Court for the purpose of initiating the civil docket sheet." (emphasis added)

6

(*quoting Holland,* 560 U.S. at 648-49)). "Equitable tolling is not warranted for a 'garden variety claim of excusable neglect." *Holland*, 560 U.S. at 633.

For these reasons, the Court finds that Petitioner has failed to meet his burden of proving that equitable tolling is appropriate in this case. *See Pace,* 544 U.S. at 418 (the petitioner bears the burden of establishing both diligence and some extraordinary circumstance). Consequently, the Court finds that the instant Petition is untimely.

**C.     Certificate of Appealability**

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. 28 U.S.C. § 2253 provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied as untimely. Accordingly, a certificate of appealability will be denied.

**D.     Conclusion**

For the reasons set forth above, the petition for writ of habeas corpus will be denied and a certificate of appealability will be denied. An appropriate Order follows.

# ORDER

**AND NOW**, this 3rd day of July, 2014;

It is hereby **ORDERED** that the petition for a writ of habeas corpus is **DENIED** as untimely under the AEDPA and a certificate of appealability is **DENIED**.

The Clerk of Courts is directed to close this case.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: Thomas N. Farrell
Farrell & Kozlowski
Email: tom.farrell2@verizon.net

Ronald M. Wabby , Jr.
Office of the District Attorney
Email: rwabby@da.allegheny.pa.us